25 F.3d 1037
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Vincent GRANDE, Plaintiff-Appellant,
v.
BANK OF NEW ENGLAND OLD COLONY, N.A. AND FEDERAL DEPOSIT
INSURANCE CORPORATION, Defendants-Appellees.
 No. 93-2049
 United States Court of Appeals,
First Circuit.
 June 1, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Robert E. Keeton, U.S. District Judge ]
 Robert S. Wolfe, with whom Wolfe Associates, Alan R. Hoffman and Lynch, Brewer, Hoffman & Sands, were on brief for appellant.
 Claire L. McGuire, Counsel, Federal Deposit Insurance Corporation, with whom Ann S. DuRoss, Assistant General Counsel, Colleen B. Bombardier, Senior Counsel, Federal Deposit Insurance Corporation, Paul R. Devin, Allan N. David, Sandra P. Criss, Peabody & Arnold, Richard E. Gentilli and Kaye, Fialkow, Richmond & Rothstein, were on brief for appellees.
 D.Mass.
 AFFIRMED.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 In this action, the plaintiff, Vincent Grande, as Trustee of R. D. Realty Trust, asserts several claims against the Federal Deposit Insurance Corporation ("FDIC") as receiver for the Bank of New England ("BNE"). As the district court noted, the form of Grande's claims is substantively driven by his desperate attempt to avoid the reach of D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 457 (1942), and its statutory cognate, 12 U.S.C. Sec. 1823(e). After a bench trial, the district court found that Grande's attempts fell short of overcoming the nearly insurmountable hurdle that the D'Oench Duhme doctrine presents, and found in favor of the FDIC on all counts. We affirm.
 
 BACKGROUND
 
 2
 BNE held a first mortgage on a condominium development. Manchester Properties Limited Partnership ("MPLP") was the mortgagor. Grande held a second mortgage on the property. Eventually, the BNE loan went into default, the mortgage was foreclosed, and the property was sold at a deficiency.
 
 
 3
 Grande makes several claims to attempt to recover some of the foreclosure proceeds despite BNE's priority in its first mortgage over Grande's second mortgage. First, Grande asserts that BNE agreed to allow him and MPLP to exchange Grande's second mortgage for the first condominium unit built. Second, Grande claims that even if D'Oench, Duhme or 12 U.S.C. Sec. 1823(e) bars direct claims based on the purported agreement between BNE and MPLP to allow an exchange (between MPLP and Grande) of the second mortgage for a condominium unit, BNE's mortgage should be equitably subordinated to Grande's claims. Third, Grande points to language in the first mortgage that Grande contends should be read as permitting him to receive a portion of the proceeds of a foreclosure sale, before the first mortgage is satisfied. Fourth, Grande claims that he is entitled to recovery because BNE negligently supervised construction at the condominium project, and this caused a loss of approximately $200,000 which harmed Grande.[1]
 
 GRANDE'S CLAIMS
 
 4
 With respect to Grande's first contention, we agree with the district court that Grande's claim is barred by D'Oench, Duhme and 18 U.S.C. Sec. 1823(e).[2] We will not rehash the district court's thorough discussion of the barriers D'Oench, Duhme and 12 U.S.C. Sec. 1823(e) present to claims against the FDIC, and the expansive reach of the D'Oench, Duhme doctrine. See Grande v. Federal Deposit Insurance Corp., No. 91-10080, slip op. at 3-6 (D. Mass. September 7, 1993). Rather, we conclude that Grande's claim that BNE agreed to an exchange of Grande's second mortgage for a condominium unit does not comport with the requirements of D'Oench, Duhme and 12 U.S.C. Sec. 1823(e), and therefore Grande cannot rely on this agreement as a basis for recovery against the FDIC. Under D'Oench, Duhme, bank borrowers or guarantors are prohibited from using secret or unrecorded side agreements to defend against efforts by the FDIC to collect on promissory notes that it has acquired from a failed bank. See D'Oench, Duhme, 315 U.S. at 460. Similarly, 12 U.S.C. Sec. 1823(e) codifies this principle and requires, in pertinent part to this appeal, that no agreement which tends to diminish the interest of the FDIC in any asset acquired by it as receiver, shall be valid against the FDIC unless it is "approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee."
 
 
 5
 Grande has failed to prove that the exchange was approved by the relevant BNE credit committee, and more importantly, that this approval was officially recorded in the requisite committee minutes. Rather, Grande proffers and relies upon evidence of negotiations between BNE, MPLP, and Grande, regarding the proposed exchange. As the district court found, this evidence is insufficient to satisfy the requirements of 12 U.S.C. Sec. 1823(e). Furthermore, Grande's arguments that certain documents were incorporated into other documents that were approved by the credit committee are unsubstantiated. Put simply, the minutes of BNE's credit committee do not contain any mention of an agreement permitting the exchange of Grande's second mortgage for the condominium unit. Therefore, 12 U.S.C. Sec. 1823(e) and D'Oench, Duhme bar Grande's claims against the BNE based on this alleged agreement.
 
 
 6
 Grande alternatively claims that even if his claims are barred by D'Oench, Duhme and 12 U.S.C. Sec. 1823(e), the doctrine of equitable subordination requires that Grande's mortgage be given priority. To make out a claim for equitable subordination, traditionally a bankruptcy doctrine, a party must prove that 1) the claimant engaged in some sort of inequitable conduct; 2) the misconduct resulted in injury to the bankrupt's creditors or conferred an unfair advantage on the claimant; and 3) equitable subordination of the claim is not inconsistent with the provisions of the Bankruptcy Code. In re 604 Columbus Ave. Realty Trust, 968 F.2d 1332, 1353 (1st Cir. 1992) (citations omitted). Thus, to support a claim in this context, Grande must first prove that BNE engaged in some sort of inequitable conduct. As evidence of such inequitable conduct, Grande contends that the BNE improperly administered the construction loan and, as a result, some $200,000 of construction funds were not properly disbursed. The district court found, however, that there was no evidence that these unaccounted for funds did not, in fact, go into the project, and thus there is no predicate for a finding that any wrongdoing occurred on the part of any BNE employee. Additionally, the district court found that Grande did not suffer any harm based on the alleged inequitable conduct of BNE. We see no reason to disturb either of the district court's factual findings.[3] Grande has therefore failed to sustain his burden of proof on the equitable subordination claim, and we need not reach the question of whether Grande's equitable subordination claim is barred as a matter of law based on D'Oench, Duhme and 12 U.S.C. Sec. 1823(e).[4]
 
 
 7
 Grande's third contention is a breach of contract claim to the effect that language in BNE's first mortgage should be read as modifying the priorities of the mortgages to permit Grande to receive a portion of the proceeds of the foreclosure sale. We agree with the district court's ruling that the language in the documents that Grande relies upon simply does not support his interpretation that the priority of the mortgages should be altered. For instance, Grande points to language in Schedule A of the first mortgage deed, which provided for the payment of release fees to Grande under the following circumstances:
 
 
 8
 The Mortgagee shall issue partial releases of this mortgage for each newly constructed unit upon the payment to it by the Mortgagor of ninety percent (90.0%) of the proceeds, net reasonable costs of conveyance and partial release fee of Forty-seven thousand two hundred twenty- two and 22/100 ($47,222.22) dollars per unit to the Mortgagee, Vincent Grande, Trustee ...
 
 
 9
 This language cannot reasonably be read to change the priority so that the first mortgage is subordinated to the interest of the second mortgagee. Rather, the provision seems to simply anticipate the payment of release fees on completed units at the time they were sold. No units were completed prior to the default. Moreover, upon foreclosure, Grande's rights under the second mortgage, including the payment of release fees, were extinguished. See Duff v. United States Trust Co., 327 Mass. 17, 20, 97 N.E.2d 189, 191 (1951) (an agreement to give a partial release is only effective until default under the mortgage).
 
 
 10
 Grande's final contention is that he is entitled to recovery based upon BNE's negligent supervision of construction on the project, causing a loss of approximately $200,000. The district court found that Grande failed to proffer credible evidence demonstrating that BNE negligently inspected construction on the project and/or improperly advanced funds under the construction loan agreement. The district court also found that Grande failed to prove that he was damaged, or that the value of the property was impaired, by BNE's alleged negligence. Again, we have not been shown any evidence in the record which demonstrates why these findings were clearly erroneous. Therefore, Grande's claim based on negligent supervision also fails.
 
 
 11
 For the foregoing reasons, the decision of the district court is affirmed.
 
 
 
 [1]
 Grande has raised other subsidiary contentions on appeal. We have reviewed these issues and believe that they are meritless
 
 
 [2]
 12 U.S.C. Sec. 1823(e) expressly provides:
 No agreement which tends to diminish or defeat the interest of [the FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against [the FDIC] unless such agreement-
 1) is in writing,
 2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
 3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
 4) has been, continuously, from the time of its execution, an official record of the depository institution.
 
 
 [3]
 We review a district court's finding of facts in a bench trial under the clear error standard. Dedham Water Co. v. Cumberland Farms Dairy, 972 F.2d 453, 457 (1st Cir. 1992)
 
 
 [4]
 Grande also brought a claim under Mass. Gen. L. ch. 93A based upon alleged unfair actions taken by BNE. The district court found that Grande failed to satisfy his burden of proving that BNE made misrepresentations or otherwise acted unfairly toward MPLP or Grande. While Grande argues that the district court's factual Mass. Gen. L. ch. 93A findings were "fatally flawed," he has not pointed to any specific evidence in the record which demonstrates that these findings were clearly erroneous. The fact that certain evidence was susceptible of another interpretation is insufficient to show that the interpretation chosen by the district court was erroneous. Rather, where there are two permissible views of the evidence, the interpretation assigned by the district court must be adopted. Williams v. Poulos, 11 F.3d 271, 278 (1st Cir. 1993). Therefore, we credit the district court's findings and affirm its ruling on the Mass. Gen. L. ch. 93A claim